UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEMAJIO JEROME ELLIS,

Plaintiff,

v.

MONTEZ, et al.,

Defendants.

CAUSE NO. 3:26-CV-1581-CCB-SJF

**OPINION AND ORDER**

Demajio Jerome Ellis, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Ellis is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Ellis is an inmate at Miami Correctional Facility (MCF). He claims to have been prescribed a cardiac diet by his medical providers due to a medical condition. He claims prison kitchen staff employed by Aramark Correctional Services, LLC, have failed to

adhere to the diet and that he has had ongoing problems receiving the proper meals from January 2026 through late October 2026. He claims this is causing him unpleasant symptoms and threatening his long-term health. He sues eleven defendants for monetary damages and various forms of injunctive relief.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the second prong, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). They are also entitled to adequate food to meet their nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

Giving Ellis the inferences to which he is entitled at this stage, he has satisfied the first prong, in that he claims to suffer from a medical condition for which medical providers have prescribed him a cardiac diet.[1] On the second prong, his complaint can be read to allege that the diet order was provided to Aramark by medical staff, and that he personally spoke with kitchen employees Ms. Montez, Mr. Stewart, and Mr. Mylen

---

[1] He does not detail his medical condition in the complaint, but the court is cognizant that he has another lawsuit pending in which he claims to be in need of medical care for angina and hypertension, among other conditions. *See Ellis v. IDOC, et al.*, 3:25-CV-1051-GSL-JEM (N.D. Ind. filed Dec. 16, 2025).

multiple times about problems with his receipt of the proper meals, but they allegedly ignored him. He claims this is having negative effects on his health. He has alleged enough to proceed further on a claim for damages against these individuals under the Eighth Amendment.

Ellis also claims to have an ongoing need for a cardiac diet that is not being met. The current Warden of MCF has the authority to ensure that Ellis receives a diet prescribed by his medical providers. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Ellis will be allowed to proceed on a claim against the Warden in his official capacity for prospective injunctive relief under the Eighth Amendment related to his need for a cardiac diet.

Ellis also seeks damages from the Warden, as well as former Warden Brian English and two nurses, all of whom allegedly "failed to intervene" with kitchen staff to ensure that he received his cardiac meals on a daily basis. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The mere fact that these employees allegedly knew about Ellis' problem does not support a claim for damages against them. As the Seventh Circuit has explained:

> Public officials do not have a free-floating obligation to put things to rights . . . Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. . . . . [The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-

> writing campaign does not lead to [a resolution of the problem]. That can't be right.

*Burks*, 555 F.3d at 595. There is no basis to plausibly infer that the above individuals were responsible for providing meals to inmates, or that they stood in the way of kitchen staff carrying out the medical diet order. The "most that can be said" is that the nurses and Wardens did not "go beyond the requirements of [their] job" to help Ellis resolve the problem with kitchen staff, which is not a basis for imposing liability against them under 42 U.S.C. § 1983. *Burks*, 555 F.3d at 593. He will not be permitted to proceed on these claims.

He also sues three "John or Jane Does," but he does not clearly explain who these individuals are or what role, if any, they played related to his cardiac diet. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). He will not be permitted to proceed against these unnamed defendants based on what he has alleged.[2]

Ellis also sues Aramark, the private company that provides meals at the prison. A private company performing a public function can be held liable under *Monell*, but only if the unconstitutional acts of their employees "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008)

---

[2] He is reminded that any unnamed defendants have to be identified and served within the two-year limitations period and the deadline specified in Federal Rule of Civil Procedure 4(m). *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022).

(citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must identify an official corporate policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a [corporate] custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Ellis mentions the words "policy" in his complaint but does not clearly explain what official policy of Aramark caused him injury. He also does not provide factual content from which the court could plausibly infer the existence of a widespread practice or custom that violates the Constitution. Instead, his allegations suggest individual failings by a handful of kitchen employees who did not carry out his medical dietary order. He has not stated a plausible *Monell* claim.

Ellis separately moves for a preliminary injunction. (ECF 4.) "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must endeavor to assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—"those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*,

22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in correctional setting).

Ellis' motion contains a laundry list of requests, many of which appear to go well beyond what is necessary to address his medical dietary needs; among other relief, he asks for an order requiring that he be allowed to "customize with Aramark specific cardiac diet items that I would prefer," and to place "special Aramark food orders such as fresh favorites and other fundraiser orders weekly for the remain[der] of my IDOC sentence." (ECF 4 at 1.) The court cannot grant such expansive relief in the prison setting. *See Westefer,* 682 F.3d at 681. The Eighth Amendment may entitle Ellis to a cardiac diet, but it does not entitle him to the foods of his choosing. *See Isby v. Brown,* 856 F.3d 508, 522 (7th Cir. 2017); *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). Additionally, the court only has his version of events at present, and it is difficult to determine on this limited record whether is likely to prove an Eighth Amendment violation regarding the meals he is receiving. Therefore, the court will order the Warden to respond before taking further action on Ellis' motion for a preliminary injunction. The Warden need not respond to Ellis' requests for special foods that he prefers, only to his claim that he is being denied his medically prescribed diet.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Ms. Montez, Mr. Stewart, and Mr. Mylen (first names unknown) in their personal capacity for money damages for denying plaintiff a medically prescribed cardiac diet in violation of the Eighth Amendment from January 2026 to the present;

(2) **GRANTS** the plaintiff leave to proceed against the Warden of Miami Correctional Facility in his official capacity for injunctive relief to remedy an alleged Eighth Amendment violation related to his need for a cardiac diet;

(3) **DISMISSES** Aramark Correctional Services LLC, John or Jane Doe #1, John or Jane Doe #2, John or Jane Doe #3, Raylen Bafo, J. Hymena, and Brian English as defendants;

(4) **DISMISSES** all other claims;

(5) **DIRECTS** the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of Miami Correctional Facility by email to the Indiana Department of Correction with a copy of this order, the complaint (ECF 2), and the motion for a preliminary injunction (ECF 4) pursuant to 28 U.S.C. § 1915(d);

(6) **DIRECTS** the clerk to fax or email a copy of the same documents to the Warden of Miami Correctional Facility at Miami Correctional Facility;

(7) **DIRECTS** the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ms. Montez, Mr. Stewart, and Mr. Mylen (first names unknown) at Indiana Department of Correction and to send them a copy of this order and the complaint (ECF 2) pursuant to 28 U.S.C. § 1915(d);

(8) **ORDERS** the Indiana Department of Correction and Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last

known home address of any defendant who does not waive service, to the extent such information is available;

(9) **ORDERS** the Warden to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **December 7, 2026**, with supporting documentation and declarations from staff as necessary, addressing the plaintiff's medical dietary needs, if any, and the steps being taken to address those needs;

(10) **ORDERS** any reply by plaintiff in support of the motion for preliminary injunction to be filed by **December 14, 2026;** and

(11) **ORDERS** the Warden, Ms. Montez, Mr. Stewart, and Mr. Mylen (first names unknown) to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 2, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT